

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **WINGROVE ROBINSON,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO: 1:12-CV-208** |
| | § | |
| **CURTIS THORPE, M.D.,** *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

### REPORT AND RECOMMENDATION
### ON DISMISSAL FOR WANT OF PROSECUTION

In accordance with 28 U.S.C. § 636(b)(1) and the Local Rules for the United States District Court for the Eastern District of Texas, Appendix B, the District Court referred the above-captioned civil action to the undersigned United States Magistrate Judge for consideration of pretrial motions and proceedings and entry of findings of fact and recommended disposition on case-dispositive motions.

**Background**

On May 3, 2012, the plaintiff, proceeding *pro se*, filed his complaint (doc. #1) in this federal district court against Curtis Thorpe and Beaumont Bone & Joint Institute[1]. After a review of the

---

[1]The plaintiff named this defendant as "Beaumont Bone & Joint Inst." in the heading of his pleading but later refers to it as "Beaumont Bone & Joint Institute." As a result, it appears that the case was

complaint, this Court subsequently entered an *Order to Show Cause* (doc. #5) in which the undersigned ordered the plaintiff to show cause as to why his case should not be dismissed, *sua sponte*, for lack of jurisdiction. In support, this Court determined that the plaintiff's pleading fails to state any basis for either diversity jurisdiction or federal question jurisdiction. The plaintiff was directed to respond - in writing - to the show cause order on or before March 15, 2013. The record shows that the plaintiff received a copy of the show cause order on February 21, 2013, via certified mail, return receipt requested (doc. #6). To date, the plaintiff has failed to respond.

**Discussion**

Having considered the current status of this proceeding, the Court will address, on its own motion, the plaintiff's failure to prosecute this action. Federal Rule of Civil Procedure 41(b) states, in relevant part:

"(b) Involuntary Dismissal: Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision....operates as an adjudication on the merits."

Under Rule 41(b), where a plaintiff has failed to prosecute an action with reasonable diligence, a court may dismiss it on motion of defendant *or* on its own motion. *See Shotkin v. Westinghouse Elec. & Mfg. Co.*, 169 F.2d 825, 826 (10th Cir. 1948); *Hicks v. Bekins Moving and Storage Co.*, 115 F.2d 406 (9th Cir. 1940). Rule 41(b) allows a district court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978);

---

erroneously opened with the defendant incorrectly named as an "Institution" rather than an "Institute" in the case style.


complaint, this Court subsequently entered an *Order to Show Cause* (doc. #5) in which the undersigned ordered the plaintiff to show cause as to why his case should not be dismissed, *sua sponte*, for lack of jurisdiction. In support, this Court determined that the plaintiff's pleading fails to state any basis for either diversity jurisdiction or federal question jurisdiction. The plaintiff was directed to respond - in writing - to the show cause order on or before March 15, 2013. The record shows that the plaintiff received a copy of the show cause order on February 21, 2013, via certified mail, return receipt requested (doc. #6). To date, the plaintiff has failed to respond.

**Discussion**

Having considered the current status of this proceeding, the Court will address, on its own motion, the plaintiff's failure to prosecute this action. Federal Rule of Civil Procedure 41(b) states, in relevant part:

"(b) Involuntary Dismissal: Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision....operates as an adjudication on the merits."

Under Rule 41(b), where a plaintiff has failed to prosecute an action with reasonable diligence, a court may dismiss it on motion of defendant *or* on its own motion. *See Shotkin v. Westinghouse Elec. & Mfg. Co.*, 169 F.2d 825, 826 (10th Cir. 1948); *Hicks v. Bekins Moving and Storage Co.*, 115 F.2d 406 (9th Cir. 1940). Rule 41(b) allows a district court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978);

---

erroneously opened with the defendant incorrectly named as an "Institution" rather than an "Institute" in the case style.

*Connolly v. Papachristid Shipping, Ltd.*, 504 F.2d 917, 920 (5th Cir. 1974). A district court of the United States is vested with power, under Rules 41 and 83 of the Federal Rules of Civil Procedure, to dismiss an action for failure of a plaintiff to prosecute it with reasonable diligence. *Hicks*, 115 F.2d at 408. The power of a district court to dismiss for want of prosecution is inherent in the court and may be exercised *sua sponte* whenever necessary to achieve orderly and expeditious disposition of a case. *See Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985); *Ramsay v. Bailey*, 531 F.2d 706, (5th Cir. 1976), *cert. denied* 429 U.S. 1107 (1976). Cases interpret Rule 41(b) broadly to give courts the power, on their own motion, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of parties seeking relief. *See Link v. Wabash R. Co.*, 370 U.S. 626 (1962). Additionally, the Court has the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Gonzalez v. Trinity Marine Group, Inc.*, 117 F.3d 894, 898 (5th Cir. 1997) (quoting *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995*))*; *see also Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (authority for *sua sponte* dismissal "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases").

Although the plaintiff is proceeding *pro se,* he is not entitled to the lenient filing requirements afforded *pro se* prisoner litigants because he is not in the unique situation of a prisoner seeking relief without control over the mailing and filing of his pleadings. *See Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002); *cert. denied* 539 U.S. 918 (2003). Additionally, courts have continuously held that ignorance of the law and inadvertent noncompliance, including missed deadlines and defective pleadings, are inexcusable even when the plaintiff is proceeding *pro se. See, e.g., Teemac v. Henderson*, 298 F.3d 452, 458 (5th Cir. 2002); *see also Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (*pro se* litigants are not exempt from compliance with the relevant rules of procedure and substantive law).

3

In this case, the plaintiff failed to comply with this Court's order directing him to show cause why this case should not be dismissed. He has failed to respond in any way. He has not established that jurisdiction is proper in this federal court. The plaintiff's inaction precludes the Court from adjudicating his case on the merits. Failure to respond to the Court's order equates a failure to prosecute. Furthermore, the plaintiff is responsible for keeping up with the filings in his case and maintaining updated contact information. *See* E.D. TEX. R. CV-11(e).

The relevant case law, cited above, states that a court is well within its discretion in moving the docket in an expeditious manner and disposing of cases that remain dormant, such as this one, because a party is dilatory in following rules and acting on his claims. Also, as stated in detail in this Court's *Order to Show Cause*, the undersigned finds that jurisdiction over the plaintiff's claims does not exist in this federal court. Considering this finding and the authority granted to a district court in effectively managing its docket under the Federal Rules of Civil Procedure, the Court finds reason to dismiss this suit for want of prosecution. Accordingly, the Court finds that this cause of action should be dismissed in its entirety under Rule 41.

Finally, in general, a Rule 41(b) dismissal is considered an adjudication on the merits, unless otherwise specified. *See Huizar v. Haw*, No. C-10-242, 2010 U.S. Dist. LEXIS 93974 at *3 (S.D. Tex. Sept. 9, 2010) (citing Fed. R. Civ. P. 41(b), *Callip v. Harris Coutny Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985)). In this case, the Court finds no basis for dismissing plaintiff's claims with prejudice at this time and finds that dismissal with prejudice would be too harsh a sanction for the plaintiff's dilatoriness and failure to appear. *See id.* Citing *Callip*, 757 F.2d at 1519. The undersigned accordingly recommends that the *sua sponte* dismissal be without prejudice to refile in the appropriate court.

**Conclusion and Recommendation**

For the reasons stated herein, the undersigned United States Magistrate Judge recommends that the District Court dismiss the claims alleged in the plaintiff's *Complaint* (doc. #1) in their entirety, without prejudice, for want of prosecution.

**Objections**

Pursuant to 28 U.S.C. § 636(b)(1)(c), all parties are entitled to serve and file written objections to the report and recommendation of the magistrate judge within fourteen (14) days of service. Failure to file specific, written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).

**SIGNED this the 5th day of April, 2013.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE